November 23, 1903.

———————o———————

## No. 3274.

### (Court of Appeal, Parish of Orleans.)

### JAMES T. NIX vs. ELLA CONRAD, ET ALS.

1.  In a suit on a promissory note, where the defense is forgery, the burden of proving the genuineness of the signature is on the plaintiff.

2.  The only evidence competent for this purpose is: 1st, of witnesses who saw the instrument signed; 2nd, of witnesses who have often seen the party write and sign his name; 3rd, by comparison of hand writing or signatures by Court and Jury.

The amendment of 1896 of Art. 1655 C. P. refers exclusively to proof of olographic wills, in no manner applies to proof of a signature alleged to be a forgery.

Appeal from Civil District Court, Division E and C.

B. R. Forman, for Plaintiff and Appellant.

W. S. Parkerson and A. D. Henriques, for Defendant and Appellee.

DUFOUR, J. To this suit on a note alleged to have been endorsed by John Everett, as surety, he pleads forgery.

Conrad and his wife, makers of the note, testify that Everett endorsed the note in their presence at their shoe store, near his house between six and seven o'clock in the morning of Novmber 14th, 1901.

The character witnesses called swore variously; some that Conrad's general reputation was good, others that it was bad, and others again that they had never heard it discussed. Our judicial recollection of the suit of Villere vs. ——————— No. —— of

51

our docket, in which he figured as defendant, does not inspire us with any degree of respect for his utterances.

The value of Mrs. Conrad's testimony is much impaired by the evident conflict between her statements of her business and financial relations with her husband and her judicial assertions on the same subject in her suit for separation of property which is found in this record and was referred to in argument as in evidence, and by a letter written by her to Mrs. Everett.

Nix, the holder of the note knows nothing personally as to its execution; his statement is, that, before lending the money to the Conrad's he sent his office boy with a letter to Everett to ascertair if he had endorsed the note, and that he received the report verbally from his messenger that Everett had said it was all right.

The lettter bears no date and the messenger who claims to have seen Everett and delivered the note refreshed his memory from a entry in a memorandum book which he says he made before seeing Everett and which does not indicate clearly whether the year is 1901 or 1902.

Everett, whose character is not directly or indirectly assailed swears positively that he did not sign the note in controversy. He reinforces his statement that the signature is not his, though very much like it—a clever imitation—with the declarations that he is absolutely sure he never signed a type written note or a note for $700, for the Conrads.

He also denies having ever received a letter from Nix inquiring if he had endorsed the note.

There is a mass of testimony about a visit by Nix to Everett at the latter's house, another visit by Nix to Rouges' Water Cure to interview a possible witness, an alleged ineffectual attempt by Everett to prove an alibi on the morning of November 14th, 1901, a change of office by Everett at the time Nix's letter is said to have been delivered, and other matters of detail respectively intended by the parties to discredit each other and each other's witnesses.

Having referred to the salient points, it will serve no useful purpose to discuss the other matters just mentioned.

The District Judge who heard, saw and frequently interrogated the witnesses, concluded that the plaintiff had failed to prove the enuineness of the signature, and, in an issue of fact, involving good faith and credibility, his conclusion is most weighty.

Mr. John Douglas, a qualified expert originally selected by plaintiff but not used by him, and placed on the stand by defendant examined all the notes admittedly signed by Everett and several notarial acts signed by him. He concluded that Everett did not

sign the note in question and his reasons, which remained unimpaired by cross-examination, are as follows :

"My reasons for said opinion are : The hair lines all through the signature in dispute do not show same pen pressure, which is very discernable under magnifying glass.

"The capital "J" is too well formed, to have been written by the person who wrote the admitted signature. The interlacement of "J" and "o", is not the same. I cannot find where the "J" commences, as is so distinctly seen in the admitted signatures. The line which appears over the "o" is not found on any of the admitted signatures. The hair lines of the "h" and "n" are particularly light, and show under magnifying glass, irregularities."

"The capital "E" does not compare with any of the "E's" in admitted signature, the bottom of the same very badly re-traced, and clumsily written. It does not present the open and distinct capital "E" as in the admitted signatures. The other down strokes in the name of "Everett" are good imitations, but the hair lines are faulty, not presenting the same pen pressure.

"There are three very strong points in this signature which convinced me that it was not written by the same person, namely: The hair lines, capital "J" and capital "E", same was written by a person accustomed to write, holding his pen lightly and with ease; whereas, the admitted signatures were written by a person who holds his pen heavily and is not accustomed to write much.

Our examination of the various signatures in the light of the expert's report has led us to an acceptance of his views.

The judge excluded the testimony of various parties who were tendered to show that they knew Everett's handwriting from notes and checks of his which had passed through their hands, but who had never seen him write or sign his name.

The ruling is correct.

The only competent evidence is:

1st, Of witnesses who saw the instrument signed.

2nd, Of witnesses who had often seen the party write and sign his name.

3rd, By comparison of handwriting or signatures by Court or Jury.

21 An. 148.   29 An. 270.

The amendment of 1896 of Art. 1655 C. P. refers exclusively to proof of olographic wills and in no manner applies to proof of a signature alleged to be a forgery.

We find no error in the judgment rejecting the plaintiff's demand against Everett.   Judgment affirmed.